HARDY, Judge.
This is an action in tort for the recovery of damages resulting from an intersectional automobile collision, and plaintiff has appealed from a judgment in favor of defendants rejecting his demands.
The collision occurred at the intersection of North Vienna Street with East Maryland Avenue in the City of Ruston and involved a car which plaintiff was driving west on East Maryland Avenue and a car moving north on North Vienna Street driven by John B. Smith, owned by his father, W. C. Smith, and insured by General Guaranty Insurance Company, all of whom are made parties defendant.
North Vienna Street, which constitutes a portion of U. S. Highway 80, a heavily traveled right-of-way thoroughfare, is a one-way street consisting of two northbound traffic lanes and a parallel parking area adjacent to the east curb. According to plaintiff’s testimony' he brought his car to a stop before entering North Vienna Street, but, despite the fact that his vision *232 was obstructed by the presence of large trees, he moved into the intersection and was struck by the defendant’s automobile in the western northbound lane of North Vienna Street. Plaintiff did not observe the approach of defendant’s car, nor that of another car which was following some three or four car lengths to the rear.
The testimony of John B. Smith was that he was driving at a speed of approximately 35 miles per hour, observed plaintiff’s car in the intersection at a distance of about 100 feet, but, assuming that the driver would yield the right-of-way, proceeded on his course until he observed that the other car was not being, brought to a stop, at which time he vainly attempted to avoid the collision by turning his vehicle from the eastern into the western traffic lane.
The issue presented by this appeal is purely factual, since no ground exists for dispute as to the authorities appropriate to consideration of the facts. The district judge in his written opinion analyzed the testimony of the witnesses and reached the conclusion that plaintiff was guilty of gross negligence which barred his' recovery, whether the same was considered to be the sole or a contributing cause of the accident. The conclusion was based upon the fact that plaintiff failed to make proper observation for approaching traffic, and to see that which could and should have been seen and to yield the right-of-way.
The principal contention on behalf of appellant is that plaintiff preempted the intersection, but the testimony of the witnesses does not support this conclusion. On the contrary the testimony and the physical facts indicate that plaintiff proceeded into the intersection despite the approach of vehicles traveling on a superior thoroughfare and directly in the path of such vehicles without any reasonable possibility of clearing the intersection.
Counsel for appellant also invokes the doctrine of last clear chance, -arguing that the driver of defendant’s car should have brought it to a stop, or continued its course in the east lane, or turned into the right-hand parking lane. These arguments are based upon speculation as to what might have been done. As noted above, the defendant driver was confronted with an emergency and cannot be condemned for failure to avoid the accident because he turned to the left instead of the right.
We find no error in the judgment appealed from, and, accordingly, the same is affirmed at appellant’s cost.